IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| FREDERICK GERMONTO, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:12-CV-208-TS |
| UTAH LEGISLATURE et al., | District Judge Ted Stewart |
| Defendants | |

---

Plaintiff, Frederick Germonto, an inmate at Utah State Prison, filed a civil rights complaint against the Utah Legislature, Utah Governor Gary Herbert, Utah Board of Pardons and members, and the United States, United States Department of Justice and United States Attorney General Eric Holder.  As discussed below, the Court concludes that Germonto must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

---

[1] 28 U.S.C.S. § 1915(a) (2012).

[2] *Id.* § 1915 (g).

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

Germonto has filed three complaints in the United States District Court for the District of Utah that were dismissed as failing to state a claim upon which relief may be granted.[4]

Section 1915(g) applies here because (1) Germonto was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of section 1915(g) is mandatory. Thus, a prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his federal claims may proceed further.

## ORDER

Because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous, Germonto is not eligible to proceed further without prepaying the filing fee in this case. Therefore, **IT IS ORDERED** that the Court's prior order granting Germonto permission to proceed in forma pauperis is **VACATED**.  **IT IS ORDERED** that

---

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[4] *See Germonto v. Utah*, No. 2:92-CV-96 DS (D. Utah Mar. 26, 1992) (dismissing complaint for failure to state claim upon which relief may be granted); *Germonto v. Grey,* No. 2:91-CV-438 DS (D. Utah June 27, 1991) (same); *Germonto v. Brown*, No. 2:91-CV-435 DKW (D. Utah June 24, 1991) (same).

Germonto is instead **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to

pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do

so will result in the dismissal of the complaint.

        March 29, 2012.

                        BY THE COURT:


                        _____

                        CHIEF JUDGE TED STEWART
                        United States District Court